# EXHIBIT 12

Exhibit 12

John Petroccione, P.E., PLLC
129 Neptune Drive
Monroe, NY 10950
(845) 782-7725

April 30, 2018

Via E-mail: JFarr@Farr-Engineering.com

James M. Farr, P.E.
Farr Engineering
P.O. Box 302
Port Jervis, NY 12771

RECEIVED
VCC TO TB (ca)
MAY 03 2018
TOWN CLERK
CHESTER, NEW YORK

Re: Greens at Chester

Dear Jim,

This letter is written in response to yours of April 27, 2018, sent to me in your capacity as Town of Chester Building Inspector. Your letter included a copy of the Town's newly enacted Local Law No. 2 of 2018, which amends Town Code Chapter 98-Zoning, adding a new Article X entitled "Floor Area Ratio". Your letter instructs me to "ensure that the homes that are proposed to be built at the Greens of Chester are in conformance with the law".

As you may or may not be aware, in the previously settled litigation between the Town and my client, the following provision was specifically included in the Settlement Agreement at the end of Section 1 on Page 3:

> "the Town Board may not rezone, or enact additional regulations affecting, the property containing the Greens at Chester project, unless the Greens at Chester project is exempted from the effects of such rezoning and/or additional regulations".

A copy of the Settlement Agreement is included for your convenience. Accordingly, the Town does not have the legal authority to apply the regulations set forth in Local Law No. 2 of 2018 to the Greens at Chester project. We trust that you will review this matter with the Town Supervisor, Town Board and Town Attorney before attempting to violate the clear and unambiguous terms of the Settlement Agreement. Feel free to contact me to discuss this matter. Thank you.

Very truly yours,

John Petroccione, P.E.

cc: Supervisor Jamieson and Town Board
J. Scott Bonacic, Esq., Town Attorney
Client

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ARLINGTON CHESTER, LLC,

                        Plaintiff,

    -against-                              09 CIV 4110 (CS)

TOWN OF CHESTER, STEVEN M. NEUHAUS, H. JERRY
MURRAY, ALEXANDER JAMIESON, CYNTHIA SMITH,
and TOWN OF CHESTER PLANNING BOARD,

                       Defendants.
-----------------------------------------------------------X

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Agreement"), effective June __, 2010, is entered into by and among ARLINGTON CHESTER, LLC (which for purposes of this Settlement Agreement shall include any successor owners of the property containing the Greens at Chester project), TOWN OF CHESTER, STEFAN NEUHAUS, H. JERRY MURRAY, ALEXANDER JAMIESON, CYNTHIA SMITH, and TOWN OF CHESTER PLANNING BOARD.

## WITNESSETH

WHEREAS, an action was commenced in the United States District Court for the Southern District of New York, as captioned above, wherein Arlington Chester, LLC alleged various constitutional and other claims against Town of Chester, Stefan Neuhaus, H. Jerry Murray, Alexander Jamieson, Cynthia Smith, and the Town of Chester Planning Board, which claims Defendants deny, all in connection with a certain "cluster" subdivision and site plan application known as

the "Greens at Chester," which application remains pending before the Town of Chester Planning Board; and

WHEREAS, the parties hereto desire to resolve this action without the burden or expense of further litigation,

NOW, THEREFORE, it is stipulated to and agreed by the parties in this action as follows:

1. The Town of Chester Planning Board shall, within 90 days of the submission of a final subdivision plat in accordance with the filing requirements of the Town of Chester Code (but without the payment of further fees other than escrow monies to cover the Planning Board consultants' review of such submission), grant final subdivision and site plan approval to the Greens at Chester project as a cluster subdivision project for 431 units, in accordance with the preliminary subdivision and site plan approval for the project granted by the Planning Board in 1998, modified in accordance with the 28 revised plan sheets annexed hereto, with the last revision dates of June 1, 2010.

In addition, the Homeowner's Association Agreement shall require, in such form as is acceptable to the Town Attorney for the Town of Chester, that (i) its snow plowing for the courtyard streets shall include the plowing of the driveways accessing such courtyard streets, (ii) that the snow plowing for other driveways shall be the responsibility of the individual owners and not the Town, (iii) sufficient plowed areas will be provided on such courtyard streets for all emergency and other vehicles, and (iv) these requirements may be enforceable by the Town of Chester.

This submission shall be in such phasing or sections as from time to time may be proposed by Arlington Chester, LLC, consistent with State law and applicable provision of the Town of Chester Code. Also, at the option of Arlington Chester, LLC the submission may request conditional final subdivision of all or part of the plat. Further, in order to maintain the *status quo* of the approvals for the project, (i) the Chester Planning Board may not revoke any preliminary subdivision or site plan approval for the Greens at Chester project, in accordance with Town Law § 276(5)(h) or otherwise, prior to the filing of the final plat for the entire subdivision (the preliminary approval remaining in effect without need for extensions of such approval), and (ii) the Town Board may not rezone, or enact additional regulations affecting, the property containing the Greens at Chester project, unless the Greens at Chester project is exempted from the effects of such rezoning and/or additional regulations.

2. The Town of Chester Town Board hereby agrees to guarantee municipal sewer capacity for the entire 431-unit subdivision and site plan project. No further fees or contributions shall be required of Arlington Chester, LLC or the Greens at Chester project to access or receive such guarantee, other than the Town of Chester standard hook-up fee and any such ordinary and customary fees owed by virtue of membership in the particular sewer district.

The Town of Chester Town Board herein agrees to cooperate and provide to the Orange County Department of Health, within 90 days of a request from Arlington Chester, LLC, whatever

3

documentation is necessary to evidence such sewer capacity guarantee for the entire Greens of Chester project in accordance with this Settlement Agreement, so as to satisfy the requirements of the Orange County Department of Health in this regard relative to its Realty Subdivision approval of the project.

3. Arlington Chester, LLC hereby grants to the Town of Chester, all right, title and interest in the plans and drawings prepared at the expense of Arlington Chester, LLC for the proposed Black Meadow Creek Wastewater Treatment Plant. Whatever such plans, drawings, and other documents of Arlington Chester, LLC not presently in the possession of the Town of Chester will be provided to the Town of Chester upon written request to Arlington Chester, LLC. Arlington Chester, LLC shall obtain the appropriate release(s) from its design engineers in order to assure that the Town of Chester, its agents and contractors, have all the necessary rights and approvals to utilize the aforesaid plans and drawings for the Black Meadow Creek Wastewater Treatment Plant.

4. Arlington Chester LLC shall, within 90 days of the date of this Settlement Agreement, draft a covenant, to be approved by the Town of Chester Attorney as to form and suitable for recording with the County Clerk's office, as against the last 188 units of the Greens at Chester project (presently identified as encompassing Phases IV and V of the project). This covenant shall require each of the owners of those 188 units to pay to the Town of Chester $1,936.17 (the "developer's fee") for the right to connect to Town and/or County municipal sewer infrastructure, in the event that

4

that portion of the Town of Chester has not then been incorporated into Orange County Sewer District No. 1 (or other Orange County Sewer District). If that portion of the Town of Chester has been incorporated into an Orange County Sewer District prior to a given unit's connection to municipal sewer infrastructure, then such obligation to pay the $1,936.17 shall have no force or effect for that given unit. Nothing herein shall require the Town of Chester to reimburse the developer's fee to the owner of any unit who paid the developer's fee prior to the incorporation into an Orange County Sewer District.

It is agreed by all parties that the collective value of all such per unit connection fees is $364,000.00 at the time of the execution of this agreement. It is also agreed by all parties, and binding on all successors in interest to Arlington Chester LLC, that this per unit connection fee is not an illegal impact fee imposed by the Town of Chester, but is a freely and voluntarily bargained for consideration, forming an essential part of the consideration for the entirety of this Settlement Agreement. The recording of the above-referenced covenant, as approved by the Town Attorney as to form, shall be accomplished as soon as possible, but in no event may a building permit for the Greens at Chester project be issued unless and until said covenant is recorded.

Simultaneously with the execution of this Settlement Agreement, counsel for the parties will execute and file a Stipulation of Discontinuance of the filed federal action, which shall be a discontinuance with prejudice. Said Stipulation of Discontinuance shall be held in escrow by the attorney for the Town of Chester

5

until such time as the Town of Chester Planning Board issues final approval to the Greens at Chester cluster subdivision and site plan.

If there is any litigation by nonparties to this Settlement Agreement challenging the enforceability of this Settlement Agreement that concludes with a court order, decision and/or judgment effectively nullifying this Settlement Agreement, or any essential element thereof, then Arlington Chester, LLC may re-file in State court only the N.Y. CPLR Article 78 cause of action pled in the federal court action that is now being discontinued, with no claim for monetary damages, and the Defendants hereby consent to such re-filing but reserve all defenses that were raised, or could have been raised, in their Answer that was previously filed in this action. If no such litigation is filed within six (6) months of the full execution of this Settlement Agreement, then Arlington Chester, LLC shall have no right to re-file the action.

In connection with this Settlement Agreement, Arlington Chester, LLC shall also execute the General Release annexed hereto as Exhibit "A". This General Release shall be held in escrow by counsel for Arlington Chester, LLC until such time as the Town of Chester Planning Board issues final approval of the Greens at Chester cluster subdivision and site plan, at which time the original General Release shall be provided to counsel for the Town of Chester.

5. No amendments or variations of the terms of this Settlement Agreement shall be valid unless made in writing and executed by

Arlington Chester, LLC, or its successor in interest, and the Town of Chester.

6. This Settlement Agreement may be executed in one or more duplicate counterparts, which, when executed, shall be deemed to constitute one original. A facsimile copy of a signature on the Settlement Agreement (but not the Stipulation of Discontinuance) will have the same force and effect as that of an original.

7. The parties hereto, by and through their attorneys, have all participated in the final form of this Settlement Agreement and the language of this Settlement Agreement shall not be presumptively construed either in favor of or against any of the parties hereto. This Settlement Agreement shall be construed in accordance with the laws of the State of New York.

8. This Settlement Agreement is an integrated agreement, containing the entire understanding among the parties and, except as set forth in this Settlement Agreement, no representations, warranties, promises, or understandings have been made, relied upon or reached by the parities to this Settlement Agreement. This Settlement Agreement shall prevail over any contemporaneous or prior communications regarding the matters addressed herein.

9. The parties hereby agree to execute all documents and to do all things necessary to fully effectuate the terms of this Settlement Agreement.

IN WITNESS WHEREOF, the undersigned, after being given the proper authorizations to do so, affix their signatures hereto on behalf of the parties noted.

ARLINGTON CHESTER, LLC

BY: _____
Wilbur Fried, President

TOWN OF CHESTER, NEUHAUS, MURRAY, JAMIESON, SMITH, CHESTER PLANNING BOARD

BY: _____
Stefan Neuhaus, Town Supervisor

STATE OF NEW YORK  )
                    ) ss:
COUNTY OF Newburgh )

On the 18 day of June, 2010, before me personally came Wilbur Fried, who, being by me duly sworn, did depose and say that he resides at 980 5th Ave, NY NY, that he is the President of Arlington Chester, LLC, the corporation described in and which executed the above instrument, and that he signed his name thereto by authority of the Board of Directors of said corporation.

MAUREEN MAHER
NOTARY PUBLIC, STATE OF NEW YORK
No. _____
QUALIFIED IN _____ COUNTY
MY COMMISSION EXPIRES _____ 2010

_____
Notary Public

STATE OF NEW YORK  )
                    ) ss:
COUNTY OF ORANGE  )

On the 23rd day of June, 2010, before me personally came Stefan Neuhaus, who, being by me duly sworn, did depose and say that he resides at 51 Greycourt Rd, Chester, NY, that he is the duly elected Supervisor of the Town of Chester, the municipal corporation described in the above instrument, and that he signed his name thereto binding all Defendants as duly authorized by such Defendants.

_____
Notary Public

SHARON A. SENKIEW
Notary Public, State of New York
ID No. 01SE6071697
Qualified in Orange County
Commission Expires March 25, 20__

8

## GENERAL RELEASE

KNOW THAT I, WILBUR FRIED, in my capacity as the President, and on behalf, of ARLINGTON CHESTER, LLC, the plaintiff in the action entitled *Arlington Chester, LLC, v. Town of Chester, et al.*, Docket Number 09 Civ. 4110 (CS), pending in the United States District Court for the Southern District of New York, in consideration of the terms set forth in the Settlement Agreement, dated 6·18·12 and based upon the Town of Chester Planning Board's approval of the cluster subdivision and site plan application known as the "Greens at Chester," do hereby release and discharge the Town of Chester, Stefan Neuhaus, H. Jerry Murray, Alexander Jamieson, Cynthia Smith, and the Town of Chester Planning Board, their agents, successors, and assigns, and all past and present Town of Chester Board members, Planning Board members, Zoning Board members, and all past and present officials, officers, employees, representatives, agents and assigns of the Town of Chester, from all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which ARLINGTON CHESTER, LLC, its agents, successors, and assigns ever had, now has or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing from the beginning of the world to the day of the date of this RELEASE, including, but not limited to, all claims under 42 U.S.C. § 1983; all claims under 42 U.S.C. § 1988; all claims alleging violations of the United States and/or New York State Constitutions; all claims alleging violations of due process and/or equal protection; all claims in any form under any federal, state, or local statute, law, rule, regulation, or

common law; all claims pursuant to N.Y. C.P.L.R. Article 78; and all claims for attorney's fees, expenses and costs.

This Release may not be changed orally.

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

IN WITNESS WHEREOF, I have executed this Release this 18th day of June, 2010.

_____
WILBUR FRIED, as President of
ARLINGTON CHESTER, LLC

STATE OF New York )
                        ) ss:
COUNTY OF New York )

On 18th June, 2010 before me personally came WILBUR FRIED to me known, and known to me to be the individual described in, and who executed the foregoing RELEASE, and duly acknowledged to me that he executed the same.

_____
Notary Public

11