# FEERICK NUGENT MacCARTNEY PLLC
## ATTORNEYS AT LAW

DONALD J. FEERICK, JR.
BRIAN D. NUGENT*
J. DAVID MacCARTNEY, JR.
MARY E. MARZOLLA*

OF COUNSEL
DAVID J. RESNICK
KEVIN F. HOBBS
MICHAEL K. STANTON, JR.

ROCKLAND COUNTY OFFICE
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
TEL. 845-353-2000   FAX. 845-353-2789

ORANGE COUNTY OFFICE
6 DEPOT STREET, SUITE 202
WASHINGTONVILLE, NEW YORK 10992
*(Not for service of papers)*

www.fnmlawfirm.com

*All correspondence must be sent to Rockland County Office*

JENNIFER M. FEERICK
STEPHEN M. HONAN*+
ALAK SHAH*
PATRICK A. KNOWLES*
JOHN J. KOLESAR III
PATRICK J. McGORMAN

*LICENSED ALSO IN NEW JERSEY
+LICENSED ALSO IN CONNECTICUT

September 20, 2019

Via ECF
Honorable Cathy Seibel, U.S.D.J.
U.S District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

    Re: Greens at Chester, LLC v. Town of Chester, et al.
         19-CV-6770 (CS)

Dear Judge Seibel:

    We represent the Town of Chester (the "Town"), Town Building Inspector James M. Farr, Town Supervisor Robert Valentine, former Town Supervisor Alexander J. Jamieson, and the Town Board (collectively, the "Town Defendants"), in the above-referenced matter. We write pursuant to Your Honor's Rules to request a pre-motion conference before filing a motion to dismiss Plaintiff's Complaint, as, and for other reasons, multiple federal claims asserted are unripe for adjudication and/or fail to plausibly state a cause of action. We also seek to dismiss and/or strike portions of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 8 and 12(f).

    The gravamen of the voluminous 101-page, 568-paragraph Complaint (with an accompanying 253 pages of exhibits) is that alleged land use determinations by the Town Building Inspector purportedly "denying" one "building permit application" made in 2018 and a second made in 2019 violated the constitutional and contractual rights of Plaintiff, a corporate land developer who purchased the subject property in October 2017.[1] Based upon these "building permit" "denials," Plaintiff asserts various constitutional claims, including violations of its substantive due process and equal protection rights as well as an unconstitutional taking. Plaintiff also pleads claims for breach of contract, breach of the implied covenant of good faith

---

[1] The Town Defendants dispute Plaintiff's allegations and liability, but for the limited purpose of this submission, "accept[] as true the facts (but not the conclusions) alleged by Plaintiff in the Complaint." See, BT Holdings, LLC v. Vill. of Chester, No. 15-CV-1986 (CS), 2016 WL 796866, at *1 (S.D.N.Y. Feb. 23, 2016), aff'd, 670 F. App'x 17 (2d Cir. 2016).

**FEERICK NUGENT MacCARTNEY, PLLC**          Honorable Cathy Seibel, U.S.D.J.
September 20, 2019
Page 2

and fair dealing, violations of various provisions of the Fair Housing Act, and harms under sections 1981 and 1982 of the Civil Rights Act. Plaintiff also demands injunctive and declaratory relief.

The Town Defendants' motion is anticipated to include, in part, as limited by three pages permitted by Your Honor's Rules, the following bases:

1.  Plaintiff's federal claims in this land use dispute are not ripe for adjudication as there has been no "final decision" regarding the application of the regulations to the property at issue. See Town and Country Adult Living, Inc. v. Village/Town of Mount Kisco, No. 17-CV-8586 (CS), 2019 WL 1368560, at **11-12 (S.D.N.Y. 2019); BT Holdings, LLC, 2016 WL 796866, at *7. Plaintiff's allegations of futility, bad faith, and/or hostility seeking to excuse its failure to obtain a final decision are like those rejected in the above cases and similarly require dismissal.[2]

2.  Plaintiff's far from "short and plain" 568-paragraph, 101-page[3] Complaint runs afoul of Rule 8. Besides its unnecessary prolixity, the Complaint contains substantial immaterial, irrelevant, and intentionally prejudicial allegations, unrelated to any cause of action. As such, the Court may strike portions of the Complaint pursuant to FRCP 12(f), dismiss the Complaint in its entirety, or grant leave to amend. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); see Blakely v. Wells, 209 Fed.Appx. 18, 20 (2d Cir. 2006) (affirming dismissal of pleading that spanned 57 pages and contained 597 numbered paragraphs as "far from short and plain"); Owens v. State of N.Y. Attorney General, 10 Fed.Appx. 34, 35 (2d Cir. 2001) (affirming dismissal of fifty-five page amended complaint on grounds that it was "was neither short nor plain").

3.  Moreover, Plaintiff cannot circumvent the ripeness requirement by including a conclusory, laundry list of self-characterized alleged "Discriminatory Acts"[4] involving unapplied and/or never enacted Town "initiatives". Such allegations should be dismissed and/or stricken as they are not causally linked to any claimed constitutional deprivation, do not support any cause of action, are immaterial, impertinent, irrelevant, scandalous, and/or are merely intended to prejudice. Indeed, the only allegations claimed to be purportedly causally linked to an alleged constitutional deprivation are the alleged "Building Permit Denials".

For example, the "New House Size Restriction: F.A.R. Law" at ¶¶ 96, 166-79, et seq., does not provide any actionable basis to proceed against the Town Defendants as Plaintiff admits it was never enforced or applied to it. More particularly, Plaintiff alleges the 2018 and 2019 "building permit applications" were made *after* the F.A.R. Law was passed and that the purported "denials" were on other grounds. Indeed, the F.A.R. Law is not even mentioned in the

---

[2] To be sure, it is well-established that the finality requirement of ripeness applies to land use challenges based on due process, equal protection, and the Fair Housing Act. Town and Country Adult Living, Inc., 2019 WL 1368560, at *11 (citations omitted); S & R Dev. Estates, LLC v. Bass, 588 F.Supp.2d 452, 461 (S.D.N.Y. 2008) (apply to Fair Housing Act claims); see also Sunrise Detox V, LLC v. City of White Plains, 769 F.3d 118, 122 (2d Cir. 2014) ("[W]e decline to adopt a categorical rule excepting from the final-decision requirement any case in which a landowner alleges intentional discrimination.").

[3] Exclusive of the 24 exhibits consisting of approximately 253 of additional pages.

[4] See, e.g., Complaint at ¶ 255.

**FEERICK NUGENT MacCARTNEY, PLLC**                Honorable Cathy Seibel, U.S.D.J.
September 20, 2019
Page 3

Complaint's Exhibits 14 and 22, which Plaintiff respectively refers to as the 2018 and 2019 "building permit denials". Similarly, the purported WARD system at ¶¶ 96, 98-101, and 112, and Property Development Rights ("PDR Tax") at ¶¶ 96, 102-05, 112, and 122, have not been enacted and/or acted upon and are not causally connected to any purported constitutional violation. And, as but a final example, upon information and belief, the alleged "No Knock Solicitation" refers to the "Do Not Knock Registry" set forth in Chapter 71 of the Town Code, which this Court may take judicial notice of, and does not apply to the Plaintiff on its face, is not alleged to have been applied to the Plaintiff, and is also not causally linked to any alleged constitutional deprivation.[5]

    4.    Plaintiff's speculative and conclusory allegations attempting to link Individual Town Defendants Valentine and Jamieson to purported land use determinations made exclusively by others are insufficient to plausibly ascribe any causally related alleged wrongful conduct to them. Absent specific factual allegations of their meaningful role in the supposed "Building Permit Denial" process, dismissal of Plaintiff's purely speculative allegations is required. (See, e.g., ¶¶ 208, 261, 266, 278, and 279 (speculating "upon information and belief" and concluding without specific factual basis others involvement in "denial")). See Singa v. Corizon Health, Inc., No. 17-CV-4482 (BMC), 2018 WL 324884, at *4 (E.D.N.Y. Jan. 8, 2018) ("Alleging something 'upon information and belief' does not suffice to allege a fact under Iqbal and Twombly unless plaintiff can point to some facts that make the allegations more than pure speculation.") (citing Munoz-Nagel v. Guess, Inc., No. 12-CV-1312 (ER), 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013)). In addition, the individual defendants are entitled to immunity.

    5.    While sued "collectively" (despite simultaneously naming all town board members), the Town Board must be dismissed and the caption amended, as the Board is not an entity subject to suit. Town and Country Adult Living, Inc., 2019 WL 1368560, at *13.

    6.    New York State law requires that the breach of implied covenant of good faith and fair dealing claim be dismissed as duplicative of the deficient breach of contract claim. See, e.g., Alter v. Bogorician, No. 97-CV-0662 (MBM), 1997 WL 691332, at *7 (S.D.N.Y. Nov. 6, 1997).

Based upon the forgoing, and for all reasons permitted under the law, permission to make a motion to dismiss and/or to strike is respectfully requested.

                            Respectfully submitted,

                            Mary E. Marzolla
                            Patrick A. Knowles

---

[5] The annexed newspaper articles at the Complaint's Exhibit 6 and references thereto should be stricken, as the newspaper articles have no bearing on and do not contribute to Plaintiff's claims. See Garzon v. Jofaz Transp., Inc., No. 11-CV-5599 (RRM) (VVP), 2013 WL 783088, at *2 (E.D.N.Y. Mar. 1, 2013) ("The Court concludes that defendant's motion to strike the newspaper articles should be granted"). Similarly, the purported emails at Exhibit 1 to/from non-policy making individuals, who are not alleged to have participated in any of the purported "denials", are not causally linked to any claimed constitutional deprivation should be stricken from the Complaint.