

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF ECONOMIC JUSTICE
DIVISION OF SOCIAL JUSTICE

December 5, 2019

**BY ELECTRONIC FILING AND ELECTRONIC MAIL**

The Honorable Cathy Siebel
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    *Greens at Chester LLC v. Town of Chester, et al.,* Docket No.: 19-cv-06770

Dear Judge Siebel:

    Pursuant to this Court's Individual Rule 2(A), the Office of the New York State Attorney General (the "NYAG"), on behalf of the People of the State of New York, respectfully requests a pre-motion conference to file a motion to intervene in the above-captioned matter. Alternatively, the NYAG requests that the Court treat this letter as a motion to intervene pursuant to Federal Rules of Civil Procedure 24(a)(2) and (b)(1)(B) and grant this request. The NYAG's proposed Complaint in Intervention is attached as Exhibit A along with a proposed Order attached hereto as Exhibit B.

    The NYAG brings this motion now to ensure that the Court has sufficient time to consider this request in advance of the parties' mediation scheduled for December 16, 2019, and Defendants' January 6, 2020 dispositive motion deadline. On December 3, the NYAG notified the parties to this action about this intervention request and sought to obtain their consent. Plaintiff consented to this motion; however, Town of Chester Defendants represented they did not have sufficient time to articulate a position, and County of Orange Defendants have indicated they will oppose this motion.

*Factual Background*

    This case is about a concerted, systematic effort by local officials to prevent Hasidic Jewish families from moving into the Town of Chester ("Town") and Orange County ("County") in violation of the Fair Housing Act. The NYAG has a substantial interest in safeguarding the rights of New Yorkers who suffer and are threatened by housing discrimination. The NYAG seeks to intervene in this action to enforce the Fair Housing Act, 42 U.S.C §3601 et seq., and ensure that

Defendants' cease their discriminatory conduct. The Court should permit intervention here. Federal Rule of Civil Procedure 24(a)(2) warrants the NYAG to intervene in this action as of right. Alternatively, the Court should permit the NYAG to intervene under Federal Rule of Civil Procedure 24(b)(1)(B).

*Argument*

### I.  The NYAG Is Entitled to Intervene as of Right Pursuant to Federal Rule of Civil Procedure 24(a)(2).

In the Second Circuit, a court must grant a motion to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) if "(1) the motion is timely; (2) the applicant has asserted an interest relating to. . . the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest;, and (4) the applicant's interest is not adequately represented by the other parties." *Mastercard Int'l Inc. v. Visa Int'l Service Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).

#### A.  The NYAG's motion to intervene is timely.

Timeliness is evaluated based on the totality of the circumstances, including "(1) how long the applicant had notice of the interest before [he] made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (quoting *U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994) (citations omitted)). The NYAG's motion to intervene is timely as it is filed one day before Plaintiff's filing of their Amended Complaint and is before any substantive motion practice, discovery disclosures, or depositions that may prejudice any party. *See United States ex rel. Preferred Masonry Restoration, Inc. v. Int'l Fid. Ins. Co.*, 2019 WL 4126473, at *3 (S.D.N.Y. Aug. 30, 2019). Further, the NYAG's request to intervene will not delay any proceedings or prejudice the original parties' rights.

#### B.  The NYAG has a strong interest in this litigation.

This Court has held that a moving party's interest is cognizable by Rule 24(a)(2) if it is "direct, substantial, and legally protectable." *Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 487 (S.D.N.Y. 2011). The NYAG seeks to intervene in this action because of the Defendants' obstruction against development of The Greens, and policy or practice of preventing Hasidic Jewish families from purchasing and occupying those homes, all in violation of the FHA. Enforcing relevant provisions of federal law that comprise the statutory right to fair housing is core to the NYAG's mission and clearly constitutes a strong interest in this litigation.

#### C.  Resolution of this action would impede the NYAG's ability to ensure that complete relief is granted, and existing parties cannot represent the NYAG's interests.

Any resolution of the instant case would significantly affect the NYAG's ability to seek broad and systemic remedies to cure the effects of the Defendants' discriminatory conduct, and the well-documented tension between the County and members of the Hasidic community in other towns. Under Rule 24(a)(2), a proposed intervenor need only show that the disposition of an action "*may* as a practical matter impair or impede the movant's ability to protect its interest." *Pitney Bowes*, 25 F.3d at 69-70 (quoting Fed. R. Civ. P. 24(a)(2)) (emphasis added).

The NYAG's enforcement interests are not sufficiently represented by Plaintiff in the underlying action because the NYAG seeks relief that is broader in scope than that requested by the Plaintiff. Plaintiff has requested relief as to Defendants' actions against only The Greens. By contrast, the NYAG seeks broad injunctive and declaratory relief that would address the Town and County's ongoing, systemic discrimination based on religion and familial status. Given the scope of relief and the additional claim of discrimination on the basis of familial status in violation of the FHA, the NYAG's intervention seeks relief otherwise unresolved and unaddressed by Plaintiff in the underlying action.

Moreover, judicial economy would be best served by granting the NYAG's motion to intervene. A parallel lawsuit brought by the NYAG concerning many of the same legal and factual issues in this action could lead to overlapping legal rulings or remedial orders.

## II.     Alternatively, The NYAG Requests Permissive Intervention Under Rule 24(b)(1)(B).

In the alternative, the NYAG respectfully requests the Court grant the NYAG permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). In deciding whether to permit intervention, courts consider "substantially the same factors" as for interventions of right. *Kaliski v. Bacot (In re Bank of N.Y. Derivative Litig.)*, 320 F.3d 291, 300 n.5 (2d Cir. 2003). The discussion in Section I *supra* demonstrates that the NYAG has satisfied these criteria. Moreover, it is clear that the NYAG's claims of housing discrimination under the FHA "share with the main action a common question of law and fact," which renders permissive intervention appropriate under the circumstances in this matter. Fed. R. Civ. P. 24(b)(1)(B). Therefore, permissive intervention under Rule 24(b)(1)(B) is warranted here.

*\*\*\**

For the foregoing reasons, the NYAG respectfully requests leave to intervene in this action as allowed under Federal Rules of Civil Procedure 24(a)(2) or, alternatively, under 24(b)(1)(B).

Respectfully Submitted,

Sania W. Khan
Assistant Attorney General
Civil Rights Bureau
New York State Office of the Attorney General