UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREENS AT CHESTER LLC,

                       Plaintiff,

  -against-

                                                     Docket No. 19-cv-06770 (CS)

TOWN OF CHESTER, JAMES. M. FARR,
individually and as Building Inspector of the
Town of Chester, ROBERT VALENTINE,
individually and as Supervisor of the Town of
Chester, ALEXANDER J. JAMIESON,
as former Supervisor of the Town of Chester,
STEVEN M. NEUHAUS, individually and as
County Executive of the County of Orange,
and THE COUNTY OF ORANGE,

                       Defendants.
------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR INTERVENTION

**CUDDY & FEDER** LLP
*Attorneys for Plaintiff*
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
Tel. (914) 761-1300

4323128.v2

Plaintiff Greens at Chester LLC submits this memorandum of law in support of the New York State Attorney General's ("NYAG") motion to intervene.

Pursuant to Rule 24(a)(2), a party may intervene as of right if it (1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is situated so that without intervention the disposition of the action may impair its ability to protect its interest; and (4) has an interest that is not adequately represented by the other parties. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994); Fed. R. Civ. Pro. 24(a)(2). The NYAG's motion satisfies these criteria.

There is little dispute that the NYAG has an interest in the subject matter of this case – discriminatory housing practices – nor that the NYAG's motion is timely, having been filed before any discovery has taken place and one month before Defendants' motions to dismiss are due.

To satisfy the third and fourth prongs[1] of the intervention as-of-right test, the NYAG need only show that the representation of its interests "may be inadequate." *CBS Inc. v. Snyder*, 136 F.R.D. 364, 368 (S.D.N.Y. 1991). The burden to make such a showing "should be treated as minimal[]" (*Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)) with the "burden of persuasion to demonstrate adequacy of representation fall[ing] on the party opposing intervention." *Snyder*, 136 F.R.D. at 368 (citing cases).

As the NYAG notes in its letter motion, the full scope of its interests is not represented by Plaintiff. While Plaintiff's and the NYAG's objectives in this lawsuit are aligned in some respects, Plaintiff's focus is limited to *its own* property and contractual rights. Plaintiff seeks a

---

[1] The third and fourth prongs of the intervention as-of-right test are mostly interrelated as the ability of the proposed intervenor to protect its interest absent its involvement in a case will be largely depend on whether its interests are adequately represented by an existing party. Accordingly, we address these two elements together.

resolution that will protect Plaintiff's rights and compensate Plaintiff for the damage done by the Town and County Defendants' unlawful conduct. In short, the relief Plaintiff seeks is personal to its predicament and singular in scope. By contrast, the NYAG seeks to place affirmative obligations on Defendants to implement broader policies and procedures to ensure compliance with the FHA and prevent future misconduct.

A grant of summary judgment to Plaintiff on liability and scheduling of an inquest on damages with an award of attorneys' fees makes Plaintiff whole but falls short of advancing the NYAG's objectives. Thus, Plaintiff cannot adequately represent the NYAG's interests in this lawsuit, and the NYAG's motion should be granted.

Dated:  White Plains, New York
        December 19, 2019

**CUDDY & FEDER LLP**
*Attorneys for Plaintiff*
*Greens at Chester LLC*
445 Hamilton Avenue - 14th Floor
White Plains, New York 10601
(Tel.) (914) 761-1300

By: /S/*Brendan Goodhouse*
    Joshua J. Grauer (JG4594)
    Jordan Brooks (JB0614)
    Brendan Goodhouse (BG1204)