UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREENS AT CHESTER LLC,

                         Plaintiff,

-against-                                  **NOTICE OF APPEAL**

TOWN OF CHESTER, JAMES M. FARR, individually       No. 19-cv-06770 (PMH)
and as Building Inspector of the Town of Chester,
ROBERT VALENTINE, individually and as               Hon. Philip M. Halpern
Supervisor of the Town of Chester, ALEXANDER J.
JAMIESON, as a former Town Supervisor of the Town
of Chester, STEVEN M. NEUHAUS, Individually and as
County Executive of the County of Orange, and
THE COUNTY OF ORANGE,

                         Defendants.
------------------------------------------------------------------X

      Notice is hereby given that the TOWN OF CHESTER, JAMES M. FARR, ROBERT VALENTINE, AND ALEXANDER J. JAMIESON TOWN OF CHESTER, Defendants in the above named case, hereby appeal to the United States Court of Appeals for the Second Circuit from the Memorandum Opinion and Order of the Hon. Philip M. Halpern, U.S.D.J., dated May 8, 2020 (SDNY Docket No. 74). This appeal is taken from each and every part of said Judgment, Order, and Opinion and Order including the denial of qualified immunity and denial of absolute legislative immunity, together with all inextricably intertwined rulings and such rulings as necessary to ensure meaningful review of the appealable order. A copy of the Memorandum Opinion and Order being appealed from is annexed hereto.

Dated: May 15, 2020
       South Nyack, New York

                                    Yours, etc.

                                    FEERICK NUGENT MACCARTNEY, PLLC
                                   96 South Broadway
                                   South Nyack, New York 10960
                                   (845) 353-2000

                                   By: /s/ Mary E. Brady-Marzolla
                                      Mary E. Brady-Marzolla, Esq.
                                      Patrick A. Knowles, Esq.
                                  *Attorneys for Defendants Town of Chester,*
                                  *James M. Farr, Robert Valentine, and*
                                  *Alexander Jamieson*

To:    *(Via ECF)*
Cuddy & Feder
Joshua J. Grauer, Esq.
445 Hamilton Avenue, 14th Floor
White Plains, NY 10601

County of Orange, County Attorney
Anthony Cardoso, Assistant County Attorney
255-275 Main Street
Goshen, NY 10924

Sania W. Khan, Assistant New York State Attorney General
Civil Rights Bureau
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GREENS AT CHESTER LLC,

                            Plaintiff,

v.

TOWN OF CHESTER, JAMES M. FARR,
individually and as Building Inspector of the Town
of Chester, ROBERT VALENTINE, individually
and as Supervisor of the Town of Chester,
ALEXANDER J. JAMIESON, and as a former
Town Supervisor of the Town of Chester, STEVEN
M. NEUHAUS, Individually and as County
Executive of the County of Orange, and THE
COUNTY OF ORANGE,

                            Defendants.
-------------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

19-CV-6770 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Greens at Chester LLC ("Plaintiff") brings claims against the Town of Chester (the "Town"), Building Inspector for the Town of Chester James Farr, Supervisor of the Town of Chester Robert Valentine, and Former Supervisor of the Town of Chester Alexander Jamieson (collectively the "Town Defendants), as well as the County of Orange (the "County"), and County Executive for the County of Orange Steven Neuhaus (collectively the "County Defendants") seeking damages and permanent injunctive relief. (Doc. 39, First Am. Compl., "FAC"). Plaintiff's FAC asserts twelve claims for relief: (1) substantive due process violation under 42 U.S.C. § 1983, (2) denial of equal protection under 42 U.S.C. § 1983, (3) violation of rights under 42 U.S.C. § 1981, (4) violation of rights under 42 U.S.C. § 1982, (5–6) violations of Fair Housing Act, (7) takings of private property in violation of the Fifth Amendment, (8–9) declaratory judgment, (10–11) breach of contract, and (12) conspiracy in violation of 42 U.S.C. § 1985. *Id.* ¶¶ 152-267.

      By motions dated January 6, 2020, the Town and County Defendants separately

moved to dismiss Plaintiff's FAC in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 51, "County Mot. to Dismiss" and Doc. 54, "Town Mot. to Dismiss").[1]

For the reasons set forth below, the Defendants' motions are GRANTED IN PART and DENIED IN PART.

## STANDARD OF REVIEW

I. Fed. R. Civ. P. 12(b)(1)

"Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists." *Hettler v. Entergy Enters., Inc.*, 15 F. Supp. 3d 447, 450 (S.D.N.Y. 2014) (citing *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009)). When deciding a motion to dismiss under Rule 12(b)(1) at the pleadings stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Id.* (quoting *Conyers,* 558 F.3d at 143); *see also Doe v. Trump Corp.*, 385 F. Supp. 3d 265, 274 (S.D.N.Y. 2019). When "the defendant moves for dismissal under Rule 12(b)(1) . . . as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Saint-Amour v. Richmond Org., Inc.*, 388 F. Supp. 3d 277, 286 (S.D.N.Y. 2019) (quoting

---

[1] Separately, by motion dated December 5, 2019, the New York State Attorney General ("NYAG") moved to intervene on behalf of the People of the State of New York. (Doc. 36, "Motion to Intervene"). The Court's decision on Doc. 36 is the subject of a separate Order.

*United States v. N.Y.C. Dep't of Hous., Pres. & Dev.*, No. 09-CV-6547, 2012 WL 4017338, at *3 (S.D.N.Y. Sept. 10, 2012)).

II.   Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the pleaded [facts] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-pleaded factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of action." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662). A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## ANALYSIS

With respect to Fed. R. Civ. P. 12(b)(1), Defendants argue that Plaintiff's claims are not ripe for adjudication because Plaintiff did not receive a final determination from a land use local governing body prior to bringing claims in federal court. *See* County Mot. to Dismiss at 8–9; Town Mot. to Dismiss at 9–12. According to the specific ripeness requirements applicable in land use disputes, a "'plaintiff cannot seek federal court review of a zoning ordinance or provision until it has submitted at least one meaningful application for a variance' from the restrictions of the land-use laws." *Islamic Cmty. Ctr. for Mid Westchester v. City of Yonkers Landmark Pres. Bd.*, 258 F. Supp. 3d 405, 416 (S.D.N.Y. 2017), *aff'd*, 742 F. App'x 521 (2d Cir. 2018) (quoting *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 915 F.Supp. 2d 574, 597 (S.D.N.Y. 2013)). Plaintiff argues that "[t]here is no zoning dispute," "Plaintiff has all discretionary approvals it needs . . . [, and that] Plaintiff neither needs nor seeks a variance." (Doc. 9, "Pl.'s Opp'n to Town Mot. to Dismiss" at 9). The Court will not address, at the pleading juncture, the factual issue regarding whether this is a zoning dispute or whether Plaintiff could have sought a variance. Rather, mindful that the finality requirement for ripeness in land use disputes must not be "mechanically applied," the Court finds that, based on the factual allegations in Plaintiff's FAC, Plaintiff has plausibly plead that Defendants have clearly "dug in its heels and made clear that all such applications will be denied." *Murphy v. New Milford Zoning Com'n*, 402 F.3d 342, 348-49 (2d Cir. 2005) (holding that "a property owner . . . will be excused from obtaining a final decision if pursuing an appeal . . . or seeking a variance would be futile."). Thus, the Court finds that Plaintiff's claims are ripe for review.[2]

---

[2] The Town Defendants also argue that traceability and redressability are lacking. *See* Town Mot. to Dismiss at 9–11. The Court finds no merit to Defendants' argument.

4

With respect to Fed. R. Civ. P. 12(b)(6), the Court finds that the FAC sets forth plausible claims for relief with three exceptions. First, Plaintiff's § 1981 claim is dismissed as § 1981 does not provide a private right of action against state actors. *Duplan v. City of New York*, 888 F.3d 612, 619-21 (2d Cir. 2018) ("[T]he express cause of action for damages created by § 1983 constitutes the *exclusive federal remedy* for violations of the rights guaranteed in § 1981 by state governmental units." (quoting *Jett v. Dallas Independent School District*, 491 U.S. 701, 733 (1989))). As such, Plaintiff's third claim for relief is dismissed.

Second, Plaintiff's free-standing claim for relief asserting a breach of the implied covenant of good faith and fair dealing is dismissed. The covenant of good faith and fair dealing is implicit in every contract and, therefore, this claim for relief is duplicative of and shall be deemed included in Plaintiff's breach of contract claim. *19 Recordings Ltd. v. Sony Music Entm't*, 165 F. Supp. 3d 156, 161 (S.D.N.Y. 2016) ("Under New York law, 'a covenant of good faith and fair dealing in the course of contract performance' is '[i]mplicit in all contracts.'" (quoting *Dalton v. Educ. Testing Serv.,* 87 N.Y.2d 384, 389 (N.Y. 1995))). Accordingly, Plaintiff's eleventh claim for relief is dismissed.

Third, Plaintiff's claims for relief against James Farr, Robert Valentine, Alexander Jamieson, and Steven Neuhaus (the "Individual Defendants") sued in their official capacities are dismissed as duplicative of the claims brought against the County and Town. *See Alvarado v. Westchester County*, 22 F.Supp.3d 208, 213 (S.D.N.Y. 2014) ("[P]laintiffs' claims against [defendants] in their official capacities are duplicative of their claims against the County and are accordingly dismissed." (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991))). However, the claims brought against the Individual Defendants sued in their individual

5

capacities are not dismissed. The Court cannot determine based upon the plausible allegations in the Complaint whether the affirmative defenses of legislative or qualified immunity shield any of the individual defendants sued in their individual capacity from liability. This issue may be addressed by the individual defendants at the close of discovery.

## CONCLUSION

Based upon the forgoing, Plaintiff's third claim for relief and eleventh claim for relief are dismissed. Furthermore, all claims for relief against the Individual Defendants in their official capacities are dismissed.

Defendants shall file answer(s) to Plaintiff's FAC within fourteen days of the date of this Order. Fed. R. Civ. P. 12(a)(4)(A).

The Clerk of the Court is instructed to terminate the motions. (Docs. 51 and 54).

**SO ORDERED:**

Dated: New York, New York
       May 8, 2020

_____
Philip M. Halpern
United States District Judge