UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GREENS AT CHESTER LLC,

                    Plaintiff,

   -against-

TOWN OF CHESTER, JAMES M. FARR, individually and as Building Inspector of the Town of Chester, ROBERT VALENTINE, individually and as Supervisor of the Town of Chester, ALEXANDER J. JAMIESON, as former Supervisor of the Town of Chester, STEVEN M. NEUHAUS, individually and as County Executive of the County of Orange, and THE COUNTY OF ORANGE,

                    Defendants.
----------------------------------------------------------------x

Docket No.: 19-cv-06770(PMH)

**ANSWER BY COUNTY OF ORANGE AND STEVEN M. NEUHAUS**

Defendants COUNTY OF ORANGE and STEVEN M. NEUHAUS, (hereinafter "The County Defendants") by and through their attorney LANGDON C. CHAPMAN, Orange County Attorney, as a for its answer to the First Amended Complaint (the "Complaint") dated December 6, 2019, alleges as follows:

1. The County Defendants deny knowledge or information as to form a belief as to the allegations set forth in paragraphs "2," "3," "4," "9," "13," "14," "15," "19," "20," "22," "24," "29," "30," "31," "32," "33," "36," "37," "38," "40," "41," "42," 43," "44," "45," "46," "47," "48," "49," "50," "52," "53," "54," "56," "57," "58," "59," "60," "61," "62," "63," "64," "65," "66," "67," "68," "69," "70," "71," "72," "73," "74," "78," "79," "80," "81," "82," "83," "84," "85," "99," "100," "101," "102," "103," "104," "105," "106," "107," "108," "109," "110," "111," "112," "113," "114," "115," "116," "117," "118," "119," "120," "121," "122," "123," "124," "125," "126," "127," "128," "129," "130," "131," "132," "133," "134," "135," "136,"

1

"137," "138," "139," "140," "141," "142," "143," "144," "145," "146," "147," 148," "149," "150," "151," "154," "155," "156," "157," "158," "159," "160," "161," "162," "163," "164," "165," "167," "222," "223," "224," "225," "226," "227," 228," "229," "230," "231," "232," "236," "237," "238," "241," "242," "243," "244," "246," "247," "248," "249," "250," "251," "252," "254," "255," "256," "257," and "258" of the Complaint.

2. The County Defendants admit the allegations set forth in paragraphs "28," "34," and "35" of the Complaint.

3. The County Defendants deny the allegations set forth in paragraphs "1," "5," "6," "7" (plus all subparts), "8," "12," "16," "17," "18," "21," "23," "51," "55," "77," "87," "89," "90," "91," "95," "96," "97," "166," "170," "171," "172," "173," "174," "175," "176," "177," "178," "179," "180," "181," "183," "184," "185," "186," "187," "188," "189," "190," "191," "194," "195," "196," "197," "198," "199," "200," "201," "202," "204," "205," "206," "207," "208," "209," "210," "211," "213," "214," "215," "216," "217," "218," "219," "235," "240," "260," "261," "262," "263," "264," "265," "266," and "267" of the Complaint.

4. The County Defendants deny the allegations set forth in paragraphs "25," "26," "27," "153," "169," "193," "221," and "233" of the Complaint, as they call for conclusions of law and refers all matters of law to this Court.

5. The County Defendants deny the allegations set forth in paragraphs "10," "11," "75," "76," "86," "88," "92," and "98" of the Complaint, but refers the Court to the referenced documents as the best evidence of their full import and meaning.

6. The County Defendants deny the allegations set forth in paragraph "39" except admit that Defendant Neuhaus joined the referenced meeting briefly at the end, but deny he heard or was present for any of the comments alleged by Town Officials in paragraphs "40" through "54."

7. The County Defendants deny the allegations set forth in paragraph "93" of the complaint except admit that the County granted a five-year extension of the County Department of Health's realty subdivision approval of the engineering plans for the plaintiff's proposed development, and refer the Court to the referenced documents for their full import and meaning.

8. The County Defendants deny the allegations set forth in paragraph "94" of the complaint except admit that the referenced testing of the quality and quantity of the plaintiff's proposed water supply would, upon information and belief, have to occur before the State (the sole regulator) issues its final health approvals of the water system, and refer the Court to the referenced documents for their full import and meaning and the regulations and laws that govern the State's sole authority in this area.

9. The County Defendants deny each and every allegation in the First Amended Complaint not otherwise mentioned herein.

10. In response to the allegations set forth in paragraphs "152," "168," "182," "192," "203," "212," "220," "234," "239," "245," "253," and "259" of the Complaint, defendants repeat, reiterate and reallege the responses set forth in paragraphs "1" through "9" of this Answer as if more fully set forth herein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

1. The complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

2. At all times relevant to the acts alleged in the complaint, the County defendants, their agents and officials, acted reasonably, properly, in good faith, and in the lawful exercise of their discretion.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

3. Punitive damages cannot be recovered against the County of Orange.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

4. The County defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff lacks standing to assert the claims set forth in the complaint

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims are not ripe for adjudication.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

10. To the extent the plaintiff purports to assert any claims under New York State law, plaintiff failed to comply with the conditions precedent to suit under the General Municipal Law §§ 50-e and 50-i, and County Law § 52.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

11. Defendant Steven M. Neuhaus was not personally involved in some or all of the alleged violative conduct.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

12. The alleged deprivation of Plaintiff's constitutional rights was not done pursuant to a governmental custom, policy, practice, ordinance, regulation or decision of the County of Orange.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

13. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the County defendants, and the County Defendants demand that the ultimate rights of the parties hereto be apportioned through indemnification and contribution as determined by the Court or Jury.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

14. Defendant Steven M. Neuhaus is entitled to absolute, qualified and/or quasi-judicial immunity, along with all other immunities available under federal, state, or common law.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff failed to mitigate his damages.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff has failed to exhaust his administrative remedies prior to suit.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

17. Defendant Neuhaus was not the final policymaker or decisionmaker with respect to the actions alleged in the complaint.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

18. The County of Orange cannot be held liable under the doctrine of respondent superior.

**AS AND FOR A SEVENTEETH AFFIRMATIVE DEFENSE**

19. The County Defendants' alleged actions were not in retaliation for any protected activity by the plaintiff.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

20. Plaintiff failed to identify any protected activity preceding any alleged adverse action to state a claim under 42 U.S.C. § 3617.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

21. Plaintiff abandoned its 42 U.S.C. § 3617 claim by failing to oppose the County Defendants' motion to dismiss the claim.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

22. Upon information and belief, any alleged injuries set forth in its complaint were caused by intervening, superseding acts of third-parties over which answering defendants had no control.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

23. Plaintiff's 42 U.S.C. § 1981 claim and claims against Steven M. Neuhaus in his official capacity were dismissed by the Court.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

24. Plaintiff's 42 U.S.C. § 1982 claim is barred because 42 U.S.C. § 1983 is the exclusive federal remedy.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

25. Plaintiff's claims against the County Defendants are, in whole or in part, barred as moot.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

26. The Court lacks subject matter jurisdiction.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

27. Plaintiff failed to identify any similarly situated developers who were treated differently.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

28. The County Defendants did not conspire with any entity or person to discriminate against the plaintiff.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

29. The County Defendants did not have a meeting of the minds with any other defendant to allegedly discriminate against the plaintiff.

WHEREFORE, the County defendants request judgment dismissing the complaint and denying all relief requested therein, together with awarding the County defendants such other and further relief as the Court deems just, equitable, and proper.

Dated: Goshen, New York
       May 22, 2020

                                                Anthony F. Cardoso, Esq.
                                                Assistant County Attorney
                                                LANGDON C. CHAPMAN
                                                Orange County Attorney
                                                *Attorneys for The County of Orange,*
                                                *And Steven M. Neuhaus*
                                                255-75 Main Street
                                                Goshen, New York 10924
                                                (845) 291-3150

To: (via ECF filing)

Joshua J. Grauer , Esq.
Jordan Brooks, Esq.
**CUDDY & FEDER LLP**
*Attorneys for Plaintiff*
*Greens at Chester LLC*
445 Hamilton Avenue - 14th Floor
White Plains, New York 10601

Mary Marzolla, Esq.
**FEERICK NUGENT MACCARTNEY, PLLC**
*Attorneys for the Town defendants*
96 South Broadway
South Nyack, NY 10960

Sania W. Khan, Esq.
**NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**
*Attorneys for the State of New York*

29 Liberty Street
New York, NY 10005