# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREENS AT CHESTER LLC,<br><br>*Plaintiff,*<br><br>PEOPLE OF THE STATE OF NEW YORK by LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK,<br><br>*Plaintiff-Intervenor,*<br><br>v.<br><br>TOWN OF CHESTER, JAMES. M. FARR, Building Inspector of the Town of Chester, ROBERT VALENTINE, Supervisor of the Town of Chester, CYNTHIA SMITH, RYAN C. WENSLEY, ORLANDO PEREZ, and VINCENT FINIZIA, collectively, Members of the Town Board of The Town of Chester, ALEXANDER J. JAMIESON, former Supervisor of the Town of Chester, STEVEN M. NEUHAUS, County Executive of the County of Orange, and THE COUNTY OF ORANGE,<br><br>*Defendants.* | CIVIL ACTION NO. 19-cv-6770<br><br>**CONSENT DECREE** |

**CONSENT DECREE**

WHEREAS, The New York State Office of the Attorney General ("NYAG" or "Intervenor Plaintiff") intervened in this action on May 14, 2020, seeking to enforce certain provisions of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended ("the Fair Housing Act" or "the FHA"), 42 U.S.C. 3601-3631. In its Complaint, the NYAG alleged that the Town of Chester ("Town" or "Town Defendants") and County of Orange ("County" or "County Defendants"), through their officials,[1] have engaged in a concerted, systematic effort to prevent Hasidic Jewish families from moving into the Town in violation of the FHA, 42 U.S.C. §§ 3604(a) and 3617.

WHEREAS, the Town Defendants deny any and all liability and take the position that each have acted and are acting consistent with the FHA.

WHEREAS, the Parties, having the mutual desire to settle this action and to avoid protracted, expensive, and unnecessary litigation in the future.

NOW, THEREFORE, on agreement and stipulation of all parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

**THEREFORE, IT IS HEREBY ORDERED AND AGREED UPON**

**I.     DEFINITIONS**

1. The following terms when used in this Consent Decree, shall have the following meaning:

   a. "Parties" means Intervenor Plaintiff and Town Defendants.

   b. "Residential development" means any development of private lands that provides living accommodations.

---

[1] Defendants Town of Chester, James M. Farr, Robert Valentine, Cynthia Smith, Ryan C. Wensley, Orlando Perez, Vincent Finizia, Alexander J. Jamieson ("Town Defendants") and Steven M. Neuhaus and the County of Orange ("County Defendants").

## II. COMPLIANCE WITH THE LAW

2. Town Defendants, without admitting liability or waiving any defenses, shall not:

   a. Interfere with the development or acquisition of housing because of religion or familial status; and

   b. Discriminate because of religion or familial status in any aspect of the administration of zoning, land use, special permit, or building ordinance, laws, policies, practices, requirements or processes relating to residential developments.

## III. FAIR HOUSING POLICY

3. The Consent Decree recognizes that the Town has adopted a "Fair Housing Resolution" available on the Town's website. The Town also agrees to (1) publish its Fair Housing Policy on its Municipal webpage; and (2) visibly include on its Municipal webpage links to the complaint portals for the United States Department of Housing and Urban Development, the New York State Office of the Attorney General, and the New York State Division of Human Rights that provide information on the Fair Housing Act.

4. Within ninety (90) days of entry of the Consent Decree, Town Defendants shall include links to its Fair Housing Policy on the Planning Board webpage.

5. Within ninety (90) days of entry of the Consent Decree, and Town shall list the name and contact information of the Town's Fair Housing Compliance Officer (Section VII *infra*) on its website.

## IV. REPORTING REQUIREMENTS

6. The Town of Chester agrees to:

a. Preserve any written fair housing complaints where the Town or any of its officials, agents, or employees are named;

b. The Town will produce planning board minutes that concern:

   i. Permit applications for the development of residential property;

   ii. Variance applications related to the development of residential property;

   iii. Applications for certificates of occupancy;

c. The planning board minutes shall be produced in or reflect the manner they are ordinarily maintained and describe the:

   i. Name of the applicant;

   ii. Address or location of the property;

   iii. Type of application;

   iv. Status of the application, including whether any conditions are imposed on the applicant or an application is denied and the reasons for those conditions or denials.

d. The NYAG agrees to accept the Town Planning Board and Town Zoning Board minutes as publicly posted upon the Town website as compliance of the foregoing data reporting and compliance auditing set forth in 6(a)-(d). If said minutes are unavailable online Town agrees to make them available to the NYAG upon request.

e. In addition to the reporting requirements contained in Section 6(a)-(d), the NYAG, may conduct audits of the Town's land-use applications and determinations related to residential development. Upon request

4

simultaneously submitted to the Town Clerk and Town Attorney, the Town shall each permit the NYAG the right to inspect land-use applications related to residential development and documents related to those applications, processing and determination of those applications.

## V.    FAIR HOUSING OUTREACH

7.    Within ninety (90) days of entry of the Consent Decree Town Defendants agree to adopt fair housing outreach measures which include: (1) publication of its Fair Housing Policy and this consent decree on Town Municipal website and social media page; (2) and publication on its Municipal website links to the following websites:

   a. https://ag.ny.gov/civil-rights/fair-housing

   b. https://www.hud.gov/fairhousing

   c. https://dhr.ny.gov/fairhousing

## VI.    FAIR HOUSING TRAINING

8.    Within ninety (90) days of the entry of this Consent Decree, the Town shall provide annual in-person or virtual fair housing training, for the duration of the Consent Decree, to all Town employees who have duties related to fair housing, planning, zoning, permitting, construction, or residential housing development decisions, including, but not limited to, all members of the Town Board. The Town shall bear the costs associated with this training and, in the Town's discretion, may share training costs with the County.

9.    The Town Defendants must choose a qualified, independent person or organization to conduct fair housing training. The trainer must be approved by the NYAG. The NYAG agrees not to unreasonably withhold its approval of the trainer and further agrees to allow such training by New York State Association of Counties (NYSAC), New York State Association of Towns (NYSAT), New York State Conference of Mayors (NYCOM) and/or other similar entity chosen

by the Town. If Town Defendants elect to undergo fair housing training through any of these aforementioned organizations, Town Defendants shall arrange for the fair housing training to recorded by video to be shared with the NYAG. A copy of the attendance log evidencing that those persons required to receive such training hereunder have done so will be maintained by the Town.

10. Defendants shall make available to the NYAG, upon request, a copy of the attendance log, evidencing that those persons required to receive such training hereunder have done so. Within ninety (90) days of the training Town Defendants shall distribute to each person who is to attend the training a copy of this Consent Decree.

## VII. COMPLIANCE AND RECORD-KEEPING

11. Within ninety (90) days of the entry of this Consent Decree and for the duration of the Consent Decree, the Town shall designate an employee or official as its Fair Housing Compliance Officer ("FHCO") and identify same on its website.

   a. The FHCO shall ensure that complaints are recorded and preserved and that complainants are provided referral information.

   b. In addition to any responsibilities set forth above, the FHCOs shall:

      i. Participate in fair housing training;

      ii. Provide any complainant a list of referral agencies which shall include the contact information for the New York State Division of Human Rights, New York State Office of the Attorney General, and the United States Department of Housing and Urban Development;

      iii. Maintain copies of the Consent Decree, the Fair Housing Policy, and make these materials freely

available to anyone, upon request, including all persons making a fair housing complaint.

12. During the term of the Consent Decree and within ninety (90) days of the approval of this Consent Decree, Defendants shall notify the NYAG of the name, address, and title of the FHCOs.

13. For the duration of the Consent Decree, Town Defendants shall notify counsel for the NYAG in writing within ninety (90) days of receipt of any complaint, whether written, oral, or in any other form regarding discrimination in housing. If complaints are made verbally, Town Defendants shall make a contemporaneous written record of those complaints. The Defendants shall inform counsel for the NYAG of the response to each complaint. This Consent Decree does not create an obligation for the Town to address complaints received, provide a remedy to a complainant, intervene on a complainant's behalf, or provide any written or verbal response to the complainant, other than a referral to avenues of redress as outlined in Paragraph 11(b)(ii).

14. Defendants shall preserve all records, including, but not limited to, electronic records and files created in association with complying with this Consent Decree. The parties shall be responsible for maintaining and preserving, or supervising the maintenance and preservation of, these records.

VIII. COMPLIANCE INSPECTION

15. Upon reasonable notice to counsel for the Town, the NYAG shall be permitted to inspect and copy any records associated with compliance with this Consent Decree including those records referred to in III-VII, *supra*, except for any attorney-client communications.

IX. SCOPE AND DURATION OF CONSENT DECREE

16. The provisions of the Consent Decree shall apply to Town, and Town officers, agents, employees, and consultants.

17. The Consent Decree shall remain in effect for three (3) years after the date of its entry.

18. The Court shall retain jurisdiction of this action for the duration of this Consent Decree to interpret and enforce its terms as necessary, after which time the case shall be dismissed with prejudice.

## XI. REMEDIES FOR NON-COMPLIANCE

19. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree. After such good faith efforts, if any party contends that there has been a failure by the other to perform in a timely manner any act required by this Consent Decree, or otherwise to act in conformance with any provision thereof, it may move this Court for relief and for any remedy authorized by law or equity.

20. In the event of a material breach of the obligations of the parties, set forth in Sections III, V, or VI, the Court can issue such relief as it deems proper. In the event of a material breach of obligations, set forth in Section II that involves residential developments of twenty-five (25) or more dwellings only, the Court can issue such relief as it deems proper.

## XII. TIME FOR PERFORMANCE

21. Any time limits for performance imposed by this Consent Decree may be extended by mutual written Decree of the parties. The other provisions of this Consent Decree may be modified by written Decree of the parties or by motion to the Court. If the modification is by written Decree of the parties, then such modification will be effective within (30) days of filing the written Decree with the Court and shall remain in effect for the duration of the Consent Decree, or until such time as the Court indicates through written order that it has not approved the written Decree to modify the Consent Decree.

## XIII. MISCELLANOUS

22. The acts done and evidenced by this Consent Decree, and the agreements made herein, are done and made solely to compromise disputed claims and to avoid future litigation

costs, and each Party agrees that neither the execution and performance of this Consent Decree nor any of its terms or conditions shall be construed or considered, by either of the Parties or by any other person, as an admission by either Party of any liability or wrongdoing or as a concession that any allegation made by the other Party is true or has any merit whatsoever.

23. All parties shall bear their own attorneys' fees, costs and expenses. No damages for attorneys' fees, costs or expenses shall be sought by or awarded to any party from another.

24. The parties recognize that the Town of Chester, as a creature of statute, is limited to the function and scope written into the laws that created such Town and to the extent any provision of the Consent Decree entered in good faith herein is challenged by a third-party and declared by a Court of competent jurisdiction to be null, void and/or otherwise unenforceable, the parties shall hold each other harmless for same.

25. The NYAG agrees not to commence any future action, litigation and/or proceeding for any action the Town was required to take, including approvals related to the Greens Development, pursuant to the Consent Decrees entered in Civil Action No. 19-cv-6770.

26. Any Amendment or modification to this Consent Decree shall be in writing and signed by parties or their respective counsel.

27. Nothing contained in this Consent Decree, or in any other provision, term or clause of this Consent Decree, shall be construed or interpreted as waiving, interfering with, terminating, superseding or otherwise affecting the Town's legal requirements, responsibilities, duties, and obligations (a) under any federal or state or judicial decision, order, guidance document, requirement, permit, approval, guideline, standard (including, but not limited to, engineering and regulatory standards), (b) the approval(s) issued to the Town by the New York State Department of Environmental Conservation to the State Pollutant Discharge Elimination System, or (c) any

agreement entered into by the Town, including any agreement regarding the Moodna-Basin Intermunicipal Agreement and any amendment thereof.

28. This Consent Decree may be executed in counterparts. Facsimile or electronically transmitted signatures hereon shall be deemed the equivalent of originals. By signing this Consent Decree, the parties indicated hereunder agree to and accept the provisions contained herein.

29. Upon the Court's approval of the Consent Decree, Intervenor Plaintiff shall dismiss all claims pending against the Town Defendants with prejudice and without any damages or attorney's fees to be paid by or to any party, subject to the terms herein including, but not limited to, the Court's continuing jurisdiction during the term of the Consent Decree.

Dated: April 30 , 2021

**SO ORDERED:**

_____
Hon. Phillip M. Halpern, USDJ
United States District Court
Southern District of New York
~~Daniel Patrick Moynihan United~~
~~States Courthouse~~
~~500 Pearl Street~~
~~New York, NY 10007-1312~~

**TOWN OF CHESTER**

_____
By: Robert Valentine,
Supervisor of The Town of Chester

**PEOPLE OF THE STATE OF NEW YORK**

_____
By: Joel Marrero
Assistant Attorney General
Civil Rights Bureau
New York State Office of the Attorney General

duties, and obligations (a) under any federal or state or judicial decision, order, guidance document, requirement, permit, approval, guideline, standard (including, but not limited to, engineering and regulatory standards), (b) the approval(s) issued to the Town by the New York State Department of Environmental Conservation to the State Pollutant Discharge Elimination System, or (c) any agreement entered into by the Town, including any agreement regarding the Moodna-Basin Intermunicipal Agreement and any amendment thereof.

28. This Consent Decree may be executed in counterparts. Facsimile or electronically transmitted signatures hereon shall be deemed the equivalent of originals. By signing this Consent Decree, the parties indicated hereunder agree to and accept the provisions contained herein.

29. Upon the Court's approval of the Consent Decree, Intervenor Plaintiff shall dismiss all claims pending against the Town Defendants with prejudice and without any damages or attorney's fees to be paid by or to any party, subject to the terms herein including, but not limited to, the Court's continuing jurisdiction during the term of the Consent Decree.

Dated: April ___, 2021

SO ORDERED:

_____
Hon. Phillip M. Halpern, USDJ
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

TOWN OF CHESTER
*[signature]*
By: Robert Valentine,
Supervisor of The Town of Chester

10